UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TAMATHA M. NEALY, individually; | ) | |
| HANNAH NEALY, a minor, | ) | |
| by next friend and natural parents | ) | |
| JOHN J. NEALY and | ) | |
| TAMATHA M. NEALY; and | ) | |
| JOHN J. NEALY, individually, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:09-cv-330-TAB-LJM |
| | ) | |
| AMERICAN FAMILY MUTUAL | ) | |
| INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.     Introduction**

Plaintiffs Tamatha Nealy, Hannah Nealy, and John Nealy allege that Defendant
American Family Mutual Insurance Company breached the parties' automobile insurance
contract and breached the duty of good faith and fair dealing implied in all insurance contracts.
[Docket No. 1-1 at ¶¶ 8–10 (Ex. A).]  American Family moved for summary judgment on both
claims.  [Docket No. 30.]  American Family's arguments are properly made and supported, and
the Nealys have not responded with specific facts showing a genuine triable issue.  The Court
therefore grants American Family's motion for summary judgment.

**II.     Facts and Procedural History**

Tamatha Nealy and her daughter, Hannah, were injured in a car accident on March 10,
2006.  [Docket No. 31-1 at ¶ 3 (Ex. A).]  The Nealys' car was insured by American Family.
[Docket No. 31-4 at 2 (Ex. D).]  The Nealys sued the driver and owner of the other car on May 1,

2006, and American Family later intervened.  [Docket No. 31-7 (Ex. G).]  Judgment was entered

for Tamatha and Hannah on September 18, 2008.  [Docket No. 34-2 at 3.]

Beginning March 29, 2006, and throughout the pendency of the underlying personal

injury action, the Nealys communicated via counsel with American Family's claims adjustor

about payment of Tamatha's and Hannah's medical bills under the policy's $10,000-per-person

medical coverage.  The claims history will be discussed in more detail below.  Needless to say,

the Nealys were displeased with American Family's handling of their medical bills.  The Nealys

sued American Family in state court for breach of contract and breach of an insurer's duty of

good faith and fair dealing.  [Docket No. 1-1 (Ex. A).]  The Nealys alleged that American Family

refused to pay medical expenses according to the policy, and that this refusal "constitutes a

conscious wrongdoing for dishonest purpose, with ill will and moral obliquity, deception, gross

negligence, willful misconduct and the exercise of an unfair advantage where there is no rational

basis for denial, malice, oppressiveness which was not the result of a mistake of fact or law, and

is bad faith and a breach of the duties of good faith and fair dealing for insurance claims

handling under Indiana law."  [*Id.* at ¶¶ 8–9.]  American Family removed this case to federal

court and moved for summary judgment.  [Docket No. 30.]

### III.    Discussion

Summary judgment is appropriate when "the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact

and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).    When

a summary judgment motion is properly made and supported, the opposing party "may not rely

merely on allegations or denials in its own pleading; rather, its response must—by affidavits or

as otherwise provided in this rule—set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."  Fed. R. Civ. P. 56(e).

A.      *Breach of an insurer's duty of good faith and fair dealing*

The Indiana Supreme Court recognized a cause of action for the tortious breach of an insurer's duty to deal with its insured in good faith in *Erie Insurance Co. v. Hickman*, 622 N.E.2d 515, 519 (Ind. 1993).  Although the supreme court did not define the "precise extent" of the duty, it observed that the duty "includes the obligation to refrain from (1) making an unfounded refusal to pay policy proceeds; (2) causing an unfounded delay in making payment; (3) deceiving the insured; and (4) exercising any unfair advantage to pressure an insured into a settlement of his claim."  *Id.*  Breach of this duty requires more than an erroneous denial of a claim or failure to diligently investigate.  *Id.* at 520.  An insurer breaches the duty when it "denies liability knowing that there is no rational, principled basis for doing so."  *Id.*

The drumbeat throughout American Family's summary judgment brief is that the Nealys have not alleged specific acts of bad faith.  [Docket No. 31 at 34, 36, 38–40.]  The Nealys respond with seven acts they believe demonstrate bad faith.[1]

---

[1]The Nealys also argue that American Family violated Indiana's unfair claims settlement practices statute, Indiana code section 27-4-1-4.5.  That statute does not create a private cause of action.  Ind. Code § 27-4-1-18 ("This article does not create a cause of action . . . ."); *see also Erie Ins. Co.*, 622 N.E.2d at 519 n.1 (noting that section 27-4-1-4.5 creates no private cause of action).

### 1. American Family's motion for set off

The Nealys first argue that American Family attempted to receive a greater credit for medical bills than what it actually paid. The Nealys' evidence of this wrongdoing is American Family's motion for set off after the trial in the underlying action, in which American Family sought to reduce the judgment by the amount charged by medical providers rather than by the amount actually paid by American Family. [Docket No. 33 at 5–6.]

American Family's motion for set off in the underlying litigation does not show that American Family tried to avoid paying the full amount of medical payments owed. American Family's undisputed policy is to deduct from the medical payments coverage only the amounts actually paid on medical bills, [Docket No. 34-5 (Ex. 5 at 51:24–52:13)], and that is what happened in this case. [Docket No. 31 at 25–26.] The Nealys point to no bill for which American Family deducted the amount charged rather than the amount it paid. American Family's motion for set off is not evidence of bad faith.

### 2. American Family's failure to pay medical bills

The Nealys next argue that numerous bills for Hannah's care remain unpaid to this day "without explanation." [Docket No. 33 at 10.] But no explanation is needed. Despite American Family's repeated requests that the Nealys submit any unpaid bills [Docket No. 31-5 at 1 (March 15, 2006); 30 (January 8, 2007); 57 (January 30, 2007); 71 (January 3, 2008); 109 (August 28, 2008); 112 (September 3, 2008) (Ex. E)], the Nealys have provided no evidence that they submitted the unpaid bills, and their assertion that the "unpaid medical bills were incurred and submitted seven (7) months to three and one-half years before the underlying trial" [Docket No. 33 at 11] is not supported by any citation to the record. American Family's failure to pay these

bills is therefore not evidence of bad faith.

### 3. American Family's delayed payment of medical bills

Third, the Nealys argue that American Family improperly delayed paying three bills for Hannah. [Docket No. 33 at 12.] The three bills had initially been denied by a claims adjustor who determined that the charges appeared unrelated to the accident because of the timing and type of treatment. That adjustor later left American Family. [Docket No. 34-1 (Ex. 1 at 20:21–22).] His successor reviewed the file and determined, without additional investigation, that the three bills should have been paid, and American Family paid the bills five months later. The Nealys claim that these facts—along with the fact that the claims adjustors did not consider doctors' depositions verifying causation, necessity, and reasonableness—show "that payment of those three bills had been erroneously, perhaps intentionally, wrongfully and in bad faith, declined." [Docket No. 33 at 12, 15.]

*Erie Insurance Co. v. Hickman* is clear that a bad faith action does not arise whenever a claim is erroneously denied. 622 N.E.2d at 520. Error is all that the Nealys have shown. They have not presented evidence that the first claims adjustor intentionally made a mistake, and they do not argue that his denial was irrational or unprincipled. *See id.* ("On the other hand, for example, an insurer which denies liability knowing that there is no rational, principled basis for doing so has breached its duty."). Further, American Family's claims adjustor testified in deposition that she did not have access to doctors' depositions. [Docket No. 31-10 at 36:6–12 (Ex. J).] Under these undisputed circumstances, the delay in payment does not rise to the level of bad faith.

### 4.     American Family's failure to provide a copy of the insurance policy

Fourth, the Nealys argue that American Family failed to respond to their requests for a copy of their insurance policy, and that American Family has only just provided it as an exhibit to its summary judgment motion.  [Docket No. 33 at 15–17.]  American Family's handling of the Nealys' request would not win any customer service awards.  The Nealys' attorney requested the policy on October 6, 2006, and the Nealys received no response until January 30, 2007, when the claims adjustor wrote that a copy had been requested and would be forwarded upon receipt.  [Docket No. 31-5 at 57 (Ex. E).]  The copy was mailed February 2, 2007, not to Joseph Thomas (the Nealys' attorney), but to "Thomas Szostak."  "Thomas Szostak" is not a person (at least one who is relevant to this case), but is the combination of the first two names listed on attorney Thomas's letterhead.  [Docket No. 31-5 at 4 (Ex. E) ("Thomas Szostak Thomas & Nugent/Attorneys at Law/An association of lawyers, not a partnership").]  Thomas did not receive the February 2 mailing and did not follow up again until December 13, 2007.

Although the Nealys argue that "[w]hy [the claims adjustor] would send correspondence to 'Mr. Szostak' is unclear," a glance at Thomas's letterhead explains the error.  And because the Nealys filed suit in the underlying matter in May 2006, they could have obtained the policy at any time through discovery.  Finally, the Nealys have not identified how they were harmed by American Family's bungling of their request for a document that they likely already had.  Under these undisputed circumstances, American Family's failure to provide a policy is not evidence of bad faith.

### 5.     American Family's failure to confirm uninsured status

Fifth, the Nealys argue that American Family acted in bad faith by failing to promptly

respond to Thomas's requests that American Family confirm the uninsured status of the driver and owner of the other car. [Docket No. 33 at 16–17.] Thomas requested verification of uninsured status on March 29, 2006. [Docket No. 31-5 at 2 (Ex. E).] By that point, American Family had already investigated and verified that no insurance was in force for the driver or owner, but it did not communicate this to Thomas until October 3, 2006. [*Id.* at 10.]

As with the Nealys' argument about the policy, the Nealys have not identified any harm caused by the six-month delay in responding, and they do not explain why they did not seek this information in discovery. American Family's delay—though indicative of poor customer service—is not evidence of bad faith.

### 6. American Family's failure to document payment of medical expenses

Sixth, the Nealys argue that American Family failed to respond promptly to their requests for documentation of medical expenses paid on behalf of Tamatha and Hannah. [Docket No. 33 at 17–20.] This argument, like those above, details requests that did not receive quick responses. The Nealys explain that they needed this documentation to prepare for mediation and for trial. [Docket No. 33 at 19.] But American Family sent the Nealys an explanation of benefits for each payment, and the Nealys could have contacted American Family's counsel—rather than the claims adjustor—for this information. The Nealys provide no evidence that American Family's lack of prompt response was in bad faith.

### 7. American Family's requests for additional documentation

Finally, the Nealys argue that American Family breached its duty of good faith and fair dealing by requesting additional documentation before paying some of the Nealys' bills. [Docket No. 33 at 21.] The Nealys stress that American Family already had signed medical

releases which it could have used to obtain the documentation, and American Family paid many of their bills without further documentation. [*Id.* at 22–23.]

The insurance policy obligated the Nealys to "[p]rovide . . . medical, employment, and other records and documents we request, as often as we reasonably ask, and permit us to make copies." [Docket No. 31-4 at 5 (Ex. D).] The Nealys have identified no harm caused by American Family's request for additional documentation. As the Nealys concede, American Family paid many bills without further documentation—sometimes as soon as six to ten days after service. [Docket No. 33 at 22.] A few requests for additional documentation consistent with the Nealys' policy is not evidence of bad faith.

After arguing these individual errors, the Nealys argue that their cumulative effect "establishes a mindset of, at the very least, intentional and wilful [sic] indifference to the duty of good faith . . . and is sufficient to justify a finding that American Family intentionally and with ill-will created unnecessary burdens and obstacles for its insureds." [Docket No. 33 at 24.] But even combined errors and delays will not support a bad faith claim without some evidence of conscious wrongdoing on the part of the insurer. *Colley v. Ind. Farmers Mut. Ins. Group*, 691 N.E.2d 1259, 1261 (Ind. Ct. App. 1998) ("Poor judgment or negligence do not amount to bad faith; the additional element of conscious wrongdoing must also be present. A finding of bad faith requires evidence of a state of mind reflecting dishonest purpose, moral obliquity, furtive design, or ill will.") (internal citation omitted); *see also, e.g.*, *Ag One Co-op v. Scott*, 914 N.E.2d 860, 864 (Ind. Ct. App. 2009) (requiring conscious wrongdoing); *Masonic Temple Ass'n v. Ind. Farmers Mut. Ins. Co.*, 779 N.E.2d 21, 29–30 (Ind. Ct. App. 2002) (same). The Nealys have presented no such evidence, and the Court therefore grants American Family's summary

judgment motion on the Nealys' bad faith claim.

        B.      *Breach of contract*

The Nealys offer no separate argument explaining how American Family breached the insurance contract. Without evidence of unmet contractual obligations, the Court grants American Family's summary judgment motion on the Nealys' breach of contract claim.

**IV.    Conclusion**

The Nealys present no specific facts showing there is a genuine issue for trial with respect to whether American Family breached its insurance contract or acted in bad faith. The Court therefore grants American Family's summary judgment motion. [Docket No. 30.]

        Dated:     11/17/2010

                                    Tim A. Baker
                                    United States Magistrate Judge
                                    Southern District of Indiana

Copies to:

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com

Michael Eugene Simmons
HUME SMITH GEDDES GREEN & SIMMONS
msimmons@humesmith.com

Benjamin G Stevenson
THRELKELD REYNOLDS
bstevenson@threlkeld-reynolds.com

Joseph A. Thomas
THOMAS SZOSTAK THOMAS & NUGENT
jatjoethomas@gmail.com

W. Brent Threlkeld
THRELKELD & ASSOCIATES
brent@threlkeld-legal.com